# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AARON NEIL ALLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-15-200-SPS** |
| | ) |
| **CAROLYN COLVIN,** | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

The claimant Aaron Neil Allen requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born December 31, 1954, and was fifty-eight years old at the time of the administrative hearing (Tr. 29). He completed tenth grade, and has worked as a building maintenance laborer (Tr. 18, 162). The claimant alleges that he has been unable to work since October 15, 2006, due to back problems, spurs on his neck, and high blood pressure (Tr. 161).

**Procedural History**

On October 1, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Bernard Porter conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 11, 2014 (Tr. 11-20). The Appeals Council denied review, making the ALJ's written opinion the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), meaning that he could lift/carry/push/pull fifty pounds occasionally and twenty-five pounds frequently, and

sit/stand/walk each for six hours in an eight-hour workday, but that he could only occasionally climb ramps and stairs and never climb ladders or scaffolds, or crawl. He further found that the claimant must avoid working around unprotected heights and moving mechanical parts; have no exposure to dust, fumes, or gasses; and must avoid temperature extremes. Although the claimant's pain-related off-task time could be accompanied by normal breaks, the ALJ found he required a sit/stand option that allowed him to change positions at least every thirty minutes (Tr. 14). The ALJ thus concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, automobile detailer, package sealer, and dipper (Tr. 18-19).

## Review

The claimant contends that the ALJ's RFC assessment is not supported by substantial evidence because the sit/stand option indicates that he is at best capable of light work, and not medium work as found by the ALJ. The Court agrees that the ALJ failed to conduct a proper step four analysis.

The ALJ found that the claimant had the severe impairments of degenerative changes to the lumbar spine, with radiculopathy; degenerative changes to the cervical spine; degenerative changes to the thoracic spine; history of chronic bronchitis, with current tobacco use; and hypertension (Tr. 13). Medical evidence reveals that the claimant had a kenalog injection in his shoulder on May 31, 2007 (Tr. 249-250). Treatment records from September 2012 indicate that the claimant complained of sustaining an injury (Tr. 258). Upon examination, he had left-sided paresthesia, as well

as decreased range of motion and pain with range of motion in back flexion, extension, and lateral flexion (Tr. 259). X-rays revealed no acute disease of the thoracic or cervical spine, and moderate facet arthrosis of the lumbar spine at L5-S1 (Tr. 261-263).

Two state reviewing physicians found that the claimant did not have a severe physical impairment and thus provided no RFC assessments (Tr. 71, 266-267).

In his written opinion, the ALJ summarized the claimant's hearing testimony and the medical evidence (Tr. 14-18). He spent a great deal of time discussing the claimant's credibility and pain allegations (Tr. 16-17). He then found that the state reviewing physician opinions should be given "some weight" but that their opinions did not account for the claimant's pain allegations (Tr. 17). He then rejected a Third Party Function report as unpersuasive and found that a consultative medical evaluation with x-rays was not necessary because there were recent physical findings and x-rays in the record (Tr. 17). He then determined the claimant was not disabled.

The Court agrees with the claimant that the ALJ erred in formulating the claimant's RFC when he found the claimant could perform the full range of medium work. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*, laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the

record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013), *citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003). Here, the ALJ failed to cite to any evidence in the record to support a finding that the claimant could lift and carry up to fifty pounds occasionally and twenty-five pounds frequently, how the postural limitations were decided, or the basis for the sit/stand option. Indeed, the only time those limitations are mentioned are in the recitation of the RFC at the outset of step 4 (Tr. 14-17). The ALJ has thus failed to point to medical evidence demonstrating the claimant can perform medium work. Rather, it seems the ALJ took great pains to only cite to evidence that the claimant could perform medium work, in an effort to avoid finding him disabled, which would be required here upon an RFC determination of either light or sedentary work. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F2d 382, 385-386 (7th Cir. 1984). "[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), *quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7. As in *Jagodzinski*, "[t]he problem in this case is the absence of evidence regarding plaintiff's impairments and limitations[.]" 2013 WL 4849101, at *5. "When the medical evidence indicates . . . that the record is insufficient to make an RFC finding, it is incumbent on the ALJ to comply

with SSR 96-8p by providing a narrative explanation for his RFC finding that plaintiff can perform medium work, citing to specific medical facts and/or nonmedical evidence in support of his RFC findings." *Id. See also Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 740-741 (10th Cir. 2007) ("The ALJ's inability to make proper RFC findings may have sprung from his failure to develop a sufficient record on which those findings could be based. The ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC.") [quotations omitted]. Accordingly, the decision of the Commissioner must be reversed and the case remanded for further analysis of the claimant's RFC.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 28th day of September, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**